Shi v. Whitaker

BIA
Poczter, IJ
A205 826 082

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ST day of February, two thousand nineteen.

PRESENT:
JON O. NEWMAN,
DENNIS JACOBS,
PIERRE N. LEVAL,
*Circuit Judges.*

_____

YUMEI SHI,
*Petitioner,*

v.           16-912
NAC

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

| | |
|---|---|
| **FOR PETITIONER:** | Yee Ling Poon; Deborah Niedermeyer, Of Counsel, On the Brief, Law Office of Yee Ling Poon, LLC, New York, NY. |
| **FOR RESPONDENT:** | Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Terri J. Scadron, Assistant |

Director; Wendy Benner-León, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yumei Shi, a native and citizen of the People's Republic of China, seeks review of a February 29, 2016, BIA decision that affirmed the October 16, 2014, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yumei Shi,* No. A205 826 082 (B.I.A. Feb. 29, 2016), *aff'g* No. A205 826 082 (Immig. Ct. N.Y. City Oct. 16, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under these circumstances, we have reviewed the IJ's decision as modified by the BIA's decision, i.e., minus the CAT claim the BIA found waived. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008).

2

07102018-7

Shi applied for asylum and withholding of removal, asserting a fear of persecution based on the birth of her three children in China and one child in the United States in violation of China's population control program. For largely the same reasons as set forth in *Jian Hui Shao v. Mukasey*, we find no error in the agency's determination that Shi failed to satisfy her burden for asylum and withholding of removal. *See id.* at 158-67; *see also Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). As with the evidence in *Jian Hui Shao*, the evidence in Shi's case, including her testimony and supporting letters, demonstrates that family planning officials in Fujian Province use fines and economic incentives to pressure couples to comply with the birth control measures, abortions, and sterilizations required by the policy. *See Jian Hui Shao*, 546 F.3d at 159-66, 169. The agency also reasonably found Shi's claimed fear of forced sterilization diminished by the fact that she and her husband remained unharmed in China for years after violating the family planning policy. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding claimed fear of future persecution weakened when similarly situated family members remain unharmed in petitioner's native country).

3

Because the agency did not err in finding that Shi failed to establish a well-founded fear of persecution, we need not reach the agency's alternative determination that, even if her fear of persecution in Fujian Province was well-founded, she could safely relocate to Shanghai to avoid harm. *See* 8 C.F.R. § 1208.13(b)(2)(ii); *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe
                              Clerk of Court
```

4